**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Constance L. Gyore, | No. CV-07-13-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant | |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion. Dkt. ##15, 20. Responses have been filed and Plaintiff has filed a reply in support of her motion. Dkt. #21, 27. Defendant has not filed a reply and the time for doing so has expired. The Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**I.    Background.**

Plaintiff applied for social security benefits in June 2002. Dkt. #11A, Tr. 55-57. Plaintiff claimed that she became disabled on February 22, 2002, due to various mental impairments. Tr. 61. The application was denied initially and on reconsideration. Tr. 32-33. A hearing was held before an Administrative Law Judge ("ALJ") on November 20, 2003. Tr. 481-508. The ALJ issued a decision on January 30, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 26-29. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 10-12. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

## II. Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## III. Analysis.

Whether a claimant is disabled is determined using a five-step sequential evaluation process. To establish disability, the claimant must show (1) she is not engaged in substantial gainful activity ("SGA"), (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity precludes her from performing her past work. At step five, the ALJ must show that the claimant has the residual functional capacity to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(iv). While the claimant has the burden of proof at steps one through four, "the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

### A. The ALJ's Step One Determination.

The ALJ found Plaintiff not disabled at step one on the ground that her work as a babysitter for her daughter's two children constitutes SGA. Tr. 28-29, ¶¶ 2-5. Plaintiff argues that this finding is not supported by substantial evidence and does not comport with the Commissioner's regulations and rulings regarding SGA. Dkt. #17. Defendant contends that the ALJ properly found Plaintiff not disabled at step one. Dkt. #23.

SGA is work done for pay or profit that involves significant physical or mental activities. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). The Commissioner's regulations

provide three alternative tests for determining whether a person is engaged in SGA. 20 C.F.R. §§ 404.1575(a)(2), 416.975(a)(2). The ALJ found that Plaintiff is engaged in SGA under the second test. Tr. 28.

According to the Commissioner's own policy statement – SSR 83-34 – a person is engaged in SGA under the second test if the evidence "clearly demonstrates" that her "work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [her] community who are in the same or similar businesses as their means of livelihood." SSR 83-84, 1983 WL 31256, at *9 (1983); *see* 20 C.F.R. §§ 404.1575(a)(2)(ii), 416.975(a)(2)(ii). Where there is any doubt as to the comparability or worth of services, the ALJ is required "to obtain evidence in appropriate detail, supplemented as required by opinions from authoritative sources in the community." SSR 83-84 at *9. "The lack of conclusive evidence as to the comparability of the required factors will result in a finding that work performed is not SGA." *Id.*

In this case, the ALJ briefly described Plaintiff's babysitting activities and found, without explanation, that the activities "constitute comparable worth." Tr. 28. As the Commissioner's policy statement makes clear, however, a discussion of the claimant's "activities accompanied by a statement that the work is comparable to the work of unimpaired persons is insufficient for a sound decision." SSR 83-34 at *9. Rather, each factor identified in the second test – hours, skills, energy output, efficiency, duties and responsibilities – "must be described in detail," and a "point-by-point comparison" with the work of unimpaired persons is required. *Id.* Because the ALJ provided only a bare conclusion that Plaintiff's activities constitute comparable worth, and failed to engage in the detailed analysis required by SSR 83-34, the ALJ erred. *See* 20 C.F.R. § 402.35(b) (SSRs "are binding on all components of the Social Security Administration"); *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 n.6 (9th Cir.1989) (SSRs "are binding on ALJs"); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988) (same). The ALJ's decision failed to identify the substantial evidence required to find SGA under the second test of the regulations. *See Downes v. Barnhart*, 289 F. Supp. 2d 1072, 1074-75 (S.D. Iowa 2003)

("There is no evidence in this record which passes muster on the [SSR 83-34] standard. The finding that [the claimant] meets the second regulatory test of [SGA], therefore, is not supported by substantial evidence."); *see also Ogden v. Apfel*, No. CIV. A. 97-0003-C, 1998 WL 372638, at *3 (W.D. Va. June 29, 1998) ("The ALJ's finding that [the claimant] engaged in [SGA] based on her babysitting is not supported by substantial evidence in the record.").

Unfortunately, this is not the only error in the ALJ's decision. The vocational expert testified that the closest job to Plaintiff's babysitting activities would be "a nursery school attendant taking care of very young children's needs." Tr. 504. The ALJ did not discuss the requirements of this job nor compare them to Plaintiff's babysitting activities as required by SSR 83-34. *See* Tr. 28; *Fontaine v. Astrue*, No. 07-18-P-S, 2007 WL 3023611, at *2 & n.3 (D. Me. Oct. 12, 2007) (noting the Commissioner's concession that an adverse finding under the second test "must be buttressed . . . with evidence addressing comparable work of unimpaired individuals in the claimant's community").

Moreover, the ALJ was required to consider how well Plaintiff performs her work and whether it is done under special conditions that take her impairments into account. *See* 20 C.F.R. §§ 404.1573(b)-(c), 416.973(b)-(c). Examples of special conditions include situations where the claimant was given the opportunity to work because of family relationship or is permitted to work at a lower standard than other employees. *Id.* The record in this case contains evidence relevant to both of these conditions.

First, there is evidence to support a finding that Plaintiff was given the opportunity to work because of her relationship with her daughter and grandchildren. Plaintiff testified that she quit working due to her impairments in February 2002. Tr. 488. Plaintiff moved from New Mexico to Arizona in March 2002 for the specific purpose of babysitting her daughter's children. Tr. 495-96. In exchange for her work, Plaintiff receives a stipend from her daughter for rent and utility bills. Tr. 77, 94, 103, 107, 111, 157. In a work activity report, Plaintiff specifically stated that her special work conditions include working for a relative. Dkt. #108. The ALJ's failure to consider this evidence of a special condition constitutes legal error. *See* 20 C.F.R. §§ 404.1573(c)(6), 416.973(c)(6).

1    Second, there is evidence that Plaintiff did not perform her job at a high level.
2    Plaintiff testified that she does not play with her grandchildren. Tr. 492. She further testified
3    that she is not always able to babysit them due to her impairments:

4    Q:   [S]ince you've been babysitting, has there ever been periods of time where you are unable to babysit the children?

5    A:   Oh, yeah, yes.

6    Q:   And then what happened during those periods of time?

7    A:   I get so exhausted, so physically, but mostly mentally and emotionally
8         spent that I, that manifests itself physically and I feel like I have the flu, no energy, aches and pains. I just, I'm totally done. And so with a lot
9         of guilt, I call up and I tell [my daughter] I just can't watch the kids.

10   Tr. 498; *see* Tr. 93 (Plaintiff "help[s] with [her] grandchildren on a limited basis"). Plaintiff
11   specifically stated in her work activity report that she was allowed to work at a lower
12   standard of productivity. Tr. 108. The ALJ did not discuss this evidence or otherwise
13   consider whether Plaintiff is held to a lower standard than other babysitters in Plaintiff's
14   community. This constitutes legal error. *See* 20 C.F.R. §§ 404.1573(c)(5), 416.973(c)(5);
15   *Novak v. Barnhart*, 180 F. Supp. 2d 990, 1002 (E.D. Wis. 2001) (ALJ erred by failing to
16   consider evidence that the claimant received help from his sister and worked at a lower level
17   of productivity than she did) (citing 20 C.F.R. § 404.1573(c)).

18   Defendant contends that the nature of Plaintiff's babysitting activities supports a
19   finding that she is engaged in SGA. Dkt. #23 at 3-4. The cases Defendant cites in support
20   of this contention are inapposite. In each case, unlike the present one, the ALJ properly
21   applied the regulations and ruling regarding SGA. *See Keyes v. Sullivan*, 894 F.2d 1053,
22   1056-57 (9th Cir. 1990) (affirming the ALJ's decision to deny benefits at step one where the
23   evidence showed the claimant's work was subject to none of the special conditions listed in
24   20 C.F.R. § 404.1573); *Katz v. Sec'y of HHS*, 972 F.2d 290, 293 (9th Cir. 1992) (ALJ
25   explicitly considered the quality of the claimant's work performance and any special
26   conditions); *Byington v. Chater*, 76 F.3d 246, 250 (9th Cir. 1996) (ALJ's decision supported
27   by substantial evidence where there was no indication that the claimant "was given any
28   special consideration in performing his job" or "was not required to perform the same job

functions as any other [employee]").

In summary, the Court concludes that the ALJ's step one determination is based on legal error and is not supported by substantial evidence.

**B.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further proceedings or for an award benefits. *See Reddick*, 157 F.3d at 728. This Circuit has held that a remand for an award of benefits is appropriate in cases where there are no outstanding issues that must be resolved before a proper determination can be made and it is clear from the record that the ALJ would be required to award benefits. *See, e.g.*, *Varney v. Secretary of HHS*, 859 F.2d 1396 (9th Cir. 1988); *Smolen*, 80 F.3d at 1292. Because the ALJ found that Plaintiff is engaged in SGA, he did not continue the sequential evaluation process beyond step one. The Court cannot, on the record before it, conclude that an award of benefits is required. The Court accordingly will remand for further proceedings consistent with this order. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("[W]e conclude that there are sufficient unanswered questions in the record that the district court's determination to remand the case for further proceedings was not an abuse of discretion.").

**IT IS ORDERED:**

1.     Plaintiff's motion for summary judgment (Dkt. #15) is **granted**.

2.     Defendant's cross-motion for summary judgment (Dkt. #20) is **denied**.

3.     Defendant's administrative decision denying benefits is **reversed**.

4.     The case is **remanded** to Defendant for further proceedings.

5.     The Clerk shall enter judgment accordingly.

DATED this 19th day of February, 2008.

David G. Campbell
United States District Judge