**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Constance L. Gyore, | No. CV-07-13-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant | |

Plaintiff has filed a motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #30. A response and reply have been filed. Dkt. ##31-32. The Court will grant the motion.

**I.    Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits at step one of the five-step evaluation process, finding that Plaintiff's work as a babysitter for her daughter's two children constituted substantial gainful employment ("SGA"). This decision became Defendant's final decision when the Appeals Council denied review. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). The Court granted summary judgment in favor of Plaintiff and remanded the case to Defendant for further proceedings.

**II.   Discussion.**

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). *See* Dkt. ##1, 28; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Flores*, 49 F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence four, then the claimant must apply for fees within 30 days of the date the judgment becomes final."). The Court should award reasonable attorney fees and costs under the EAJA unless Defendant shows that its position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

**A.   Was Defendant's Position Substantially Justified?**

Defendant contends that an award of fees and costs is not appropriate in this case because its position was substantially justified. Dkt. #31. Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2007) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* (emphasis in original).

The Court concludes that Defendant's decision to defend the ALJ's step one determination was not substantially justified. As the Court explained in its summary judgment order, the ALJ provided only a bare conclusion that Plaintiff's babysitting activities constituted "comparable worth" and failed to engage in the detailed analysis required by SSR 83-34. Dkt. #28 at 3-4. The ALJ also failed to consider how well Plaintiff performed

1 her work and whether it was done under special conditions that took her impairments into
2 account as required by 20 C.F.R. §§ 404.1573(b)-(c) and 416.973(b)-(c).  *Id.* at 4-6.
3 Defendant's "'defense of basic and fundamental errors such as the ones in the present case'
4 lacked substantial justification." *Shafer*, 518 F.3d at 1071-72 (quoting *Corbin*, 149 F.3d at
5 1053).

**B.     Is the Amount of the Requested Fee Award Reasonable?**

Plaintiff's counsel, Eric Slepian, has filed an affidavit and an itemized statement of fees showing that he worked 34.1 hours on this case and that the fees and costs total $6,082.49.  Dkt. #30-2 at 2-12.  Defendant contends that the .8 of an hour Mr. Slepian spent obtaining extensions of time and approximately 12 hours he spent researching and briefing the request for an award of benefits should be deducted as unreasonable.  Dkt. #31 at 4-7.

The Court disagrees.  Having reviewed counsel's affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that a total of 34.1 hours was not excessive.  The Court will grant Plaintiff's motion and award her $6,419.97 in attorney's fees.  This amount includes $337.48 for the two hours Mr. Slepian spent preparing a reply in support of his fee application.  *See* Dkt. #32.

**IT IS ORDERED:**

1.     Plaintiff's motion for attorney fees (Dkt. #30) is **granted**.

2.     Plaintiff is awarded **$6,419.97** in attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 29th day of May, 2008.

David G. Campbell
United States District Judge

- 3 -